(C. D. 1557)

F. B. VANDEGRIFT & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 12, 1953)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: When the protest in this case was originally filed, it was claimed that the organic mercury solution imported in

iron drums was assessed for duty at 25 per centum ad valorem and 22 cents per pound under paragraph 17, Tariff Act of 1930, upon the basis of too great a weight. By way of amendment of the protest, it was further claimed that said merchandise is dutiable at the rate of 25 per centum ad valorem under paragraph 5 as a mixture of chemical compounds.

At the trial of the case, counsel for the plaintiff offered in evidence a proposed stipulation, having attached thereto a copy of a letter from the Treasury Department, dated August 10, 1951, as collective exhibit 1. There being no objection on behalf of the Government, it was admitted in evidence and so marked.

In said stipulation, the parties hereto agreed to the facts as follows:

* * * that the merchandise on the invoices under the above protest which was assessed with duty at 22¢ per pound plus 25% ad valorem under Paragraph 17, Tariff Act of 1930, consists of a combination or mixture of chemical compounds composed of approximately 15% of an organic mercurial compound, 35% of glycolether similar to carbitol and 50% water, which is the same in all material respects as the Panogen which was the subject of a ruling dated August 10, 1951 by the Bureau of Customs, a true copy of which is attached hereto and marked Exhibit A.

That the attached Exhibit A may, upon approval of the court, be received into evidence.

That the protest is submitted on this stipulation. * * *

In the Bureau letter, an early judicial decision, reported as *Chas. T. Smith* v. *United States*, 46 Treas. Dec. 279, T. D. 40435, held that varnish, containing mercury, and treated oil, containing mercury, were not mercurial preparations. The letter also referred to a decision of this court in the case of *Fraisse Laboratories* (*Inc.*) v. *United States*, 56 Treas. Dec. 356, T. D. 43638, wherein it was held that "Biniodide," containing biniodide of mercury and glucose serum, used medicinally, was classifiable as a medicinal preparation rather than a mercurial preparation. The Bureau then stated:

The principle of both decisions appears to be that the term mercurial preparation is limited to undiluted preparations and that mercurial preparations to which other substances are added would be more properly classifiable as mixtures of chemical compounds. Following this reasoning the Bureau is of the opinion that Panogen is properly classifiable under paragraph 5, Tariff Act of 1930, as a mixture of chemical compounds, not specially provided for, and dutiable at the rate of 25 percent ad valorem prior to June 6, 1951, and at the rate of 12½ percent ad valorem on and after June 6, 1951.

In view of the agreed statement of facts, the decisions cited, and the Bureau letter, it appears that the merchandise in question is properly dutiable at the ad valorem rate of 25 per centum under paragraph 5, rather than at the specific rate of 22 cents per pound plus 25 per centum ad valorem. Therefore, the question of the proper weight of the merchandise becomes immaterial.

' Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entries, assessing duty at the rate of 25 per centum ad valorem under paragraph 5, Tariff Act of 1930, and to refund all duties taken in excess.